# Exhibit A


# Service of Process Transmittal

07/06/2015
CT Log Number 527420125

**TO:** Steven Lowson, Attorney
Sequa Corporation
300 Blaisdell Rd
Orangeburg, NY 10962-2506

**RE:** Process Served in Massachusetts

**FOR:** Sequa Corporation (Domestic State: DE)



RECEIVED JUL 09 2015 By _____

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Norfolk Asphalt Company, Inc., Pltf. vs. Sequa Corporation and Sun Chemical Corporation, Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Proof of Service, Complaint, Cover Sheet, Instructions |
| **COURT/AGENCY:** | Norfolk County Superior Court, Norfolk County, MA<br>Case # 1500836 |
| **NATURE OF ACTION:** | Property Damage Litigation - Plaintiff suffered damage to its real and personal property as a result of the release of oil and hazardous materials for which defendant is liable - Seeking $2,000,000 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Boston, MA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 07/06/2015 at 14:24 |
| **JURISDICTION SERVED:** | Massachusetts |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Brian M. Hurley<br>Rackemann, Sawyer & Brewster, P.C.<br>160 Federal Street<br>Boston, MA 02110<br>617-542-2300 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex Priority Overnight, 780942971954 |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 155 Federal Street<br>Suite 700<br>Boston, MA 02110 |
| **TELEPHONE:** | 617-757-6404 |

Page 1 of 1 / JT

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:
TORT - MOTOR VEHICLE TORT - CONTRACT -
EQUITABLE RELIEF - OTHER)

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION
NO. 15 00836

Norfolk Asphalt Company, Inc. , *Plaintiff(s)*

v.

Sequa Corporation and Sun Chemical Corporation , *Defendant(s)*

### SUMMONS

To the above-named Defendant: Sequa Corporation c/o CT Corporation System, 155 Federal Street, Suite 700, Boston, MA 02110

You are hereby summoned and required to serve upon Johanna W. Schneider, plaintiff's attorney, whose address is Rackemann, Sawyer & Brewster, P.C., 160 Federal Street, Boston, MA 02110 an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Dedham either before service upon the plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, BARBARA J. ROUSE, Esquire , at Boston the 1st day of July , in the year of our Lord two thousand and fifteen

*Clerk.*

NOTES:
1. This summons is issued pursuant to Rules 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each such defendant, each should be addressed to the particular defendant.

F-33

A true copy Attest:
7/6/15
Deputy Sheriff Suffolk County

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ......................................., 20    , I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

..............................................................................................................................................

..............................................................................................................................................

..............................................................................................................................................

Dated:                    , 20        ..............................................................................................

N. B.  TO PROCESS SERVER:-
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

                                              , 20

---

COMMONWEALTH OF MASSACHUSETTS
NORFOLK, ss.
SUPERIOR COURT
CIVIL ACTION
NO. 15 00836

Norfolk Asphalt Co., Inc., Plaintiff

v.

Sequa Corp. and Sun Chemical Corp., Defendant

SUMMONS
(Mass. R. Civ. P.4)

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO.

**15  00836**

NORFOLK ASPHALT COMPANY, )
INC., )
      Plaintiffs, )
      v. )
SEQUA CORPORATION and SUN )
CHEMICAL CORPORATION, )
      Defendants. )

## COMPLAINT

This is an action pursuant to Mass. Gen. L. ch. 21E ("Chapter 21E"), §§ 4, 4A, 5 and 15, by Norfolk Asphalt Company, Inc. ("Norfolk"), which owns improved real property at 601-635 Pleasant Street, Norwood, Massachusetts, to recover response costs and property damages resulting from the release of oil and hazardous materials from or at said property which were caused by defendants and/or their predecessors in interest.

### Parties

1. Plaintiff Norfolk is a Massachusetts corporation with a usual place of business at 3 Belcher Street in Plainville, Massachusetts.

2. Norfolk owns property at 601-635 Pleasant Street in Norwood, Massachusetts (the "Property").

3. Defendant Sun Chemical Corporation ("Sun Chemical") is a Delaware corporation with a principal place of business at 222 Bridge Plaza South in Fort Lee, New Jersey.

4. Upon information and belief, Sun Chemical is the corporate successor in interest to the George H. Morrill Company, which owned a portion of the Property and operated an ink production facility thereon from the late 1800's through the mid- to late 1900's.

5. Defendant Sequa Corporation ("Sequa") is a New York corporation with a principal place of business at 3999 RCA Boulevard, Palm Beach Gardens, Florida.

6. Upon information and belief, Sequa is the corporate successor in interest to the George H. Morrill Company, which owned a portion of the Property and operated an ink production facility thereon from the late 1800's through the mid- to late 1900's.

7. Upon information and belief, Sequa is the corporate successor in interest to Sun Chemical.

## Jurisdiction and Venue

8. This Court has jurisdiction over this action because the Property is located in the Commonwealth, all relevant events occurred in the Commonwealth, and the amount in controversy exceeds $25,000.

9. This Court has personal jurisdiction over Defendants pursuant to the "long-arm" statute, G.L. c. 223A, § 3, based on their transacting business within the Commonwealth.

10. Venue is properly in this Court because the Property is located in Norfolk County, Massachusetts.

## The Facts

### Property History

11. Beginning in the late 1800s, George H. Morrill & Co., later called the George H. Morrill Company, owned the northerly portion of the Property and operated the GH Morrill Ink Factory thereon and on properties north, east, and south of the Property.

12. Upon information and belief, in or about 1909, the factory's Grinding and Packing Room, Mixing Room, and Dry Color Room were located on the Property.

13. Upon information and belief, by 1915, the GH Morrill Ink Factory's Color Building had been expanded and a printing building had been added. Upon information and belief, the facility continued to expand through the 1920s.

14. Upon information and belief, in the early 1900s, the GH Morill Ink Factory in Norwood was considered the largest printing ink works in the world.

15. In 1929, the George H. Morrill Company conveyed to General Printing Ink Corporation all of its property in Norwood, Massachusetts, including the Property.

16. In 1945, General Printing Ink Corporation changed its name to "Sun Chemical Corporation." Upon information and belief, "Sun Chemical Corporation" is the same entity as defendant Sun Chemical.

17. Upon information and belief, in or about 1945, General Printing Ink Corporation began operating as Sun Chemical Corporation.

18. In 1955, Sun Chemical acquired additional property that comprises part of the Property.

19. Upon information and belief, as of 1966, the Property was being used by Sun Chemical in connection with the manufacture of ink and/or ink products.

20. Sun Chemical ceased ink manufacturing operations at the Property in or about 1970. The Property has not been used for ink manufacturing since that time.

21. Sun Chemical conveyed the Property to Edmund Flynn and others as Trustees of the Norfolk Asphalt Realty Trust, by a deed dated May 12, 1970 and recorded with the Norfolk

Registry of Deeds in Book 4662, Page 83. In 1983, the Trustees of the Norfolk Asphalt Realty Trust conveyed the Property to Norfolk.

22. Upon information and belief, in 1987 Sun Chemical sold its graphic arts group to Dai Nippon, a Japanese company. Dai Nippon continued to operate under the name Sun Chemical. In 1987, the original Sun Chemical changed its name to Sequa Corporation. To date, Sequa has not provided Norfolk with documents relating to the sale of the graphic arts group.

Contamination of the Property

23. In connection with certain financing relating to Norfolk's operations at the Property, in September 2011, a Preliminary Environmental Site Assessment was conducted. As a result of conditions identified during such assessment, Norfolk retained an environmental consultant to perform a series of subsurface investigations at the Property.

24. In the area of the Property on which the ink manufacturing facility historically operated, lead, chromium, arsenic, and mercury were detected in purple-stained soil adjacent to the former manufacturing building. These contaminants are designated "hazardous materials" in the Massachusetts Contingency Plan (310 CMR 40.0000) (the "MCP").

25. Due to the concentrations and chemicals identified, Norfolk's environmental consultant has determined that the release of hazardous materials on the Property is attributable to ink manufacturing. Petroleum impacts have also been detected in the area of the prior ink manufacturing facility. Upon information and belief, these petroleum impacts resulted from petroleum-based inks used in connection with historical ink manufacturing operations.

26. No operations at the Property since 1970, including Norfolk's operations, involve the use or generation of any products containing lead, chromium, arsenic, or mercury.

27. On January 19, 2012, Norfolk filed a Release Notification Form with the Massachusetts Department of Environmental Protection ("DEP") relating to the releases detected in the vicinity of the former ink facility, as well as certain other unrelated releases elsewhere on the Property. DEP assigned Release Tracking Number ("RTN") 40237744 to this notification.

28. In accordance with the MCP, a Release Abatement Measure ("RAM") Plan was submitted to DEP in January 2012; a RAM Completion was submitted in May 2012.

29. In January 2013, Norfolk submitted to DEP a Phase I Initial Site Investigation Report and Tier Classification for RTN 4-23744. A Final Public Involvement Plan was submitted in June 2013. A Phase II Comprehensive Site Assessment Report is currently underway.

30. Norfolk has incurred significant fees associated with the assessment of the contamination at the Property.

31. Norfolk will incur significant costs to undertake response actions relating to the release of ink manufacturing-related oil and hazardous materials at the Property in order achieve a Condition of No Significant Risk under the MCP.

32. Norfolk has suffered or incurred damage to its real and personal property as a result of the release of oil and hazardous materials during the historical operation of an ink manufacturing facility on the Property.

The 4A Process

33. On or about September 24, 2013, pursuant to Mass. Gen. L. ch. 21E, § 4A, Norfolk sent a letter via certified mail, return receipt requested, to Sun Chemical, notifying Sun Chemical of Norfolk's claims for reimbursement of response action costs and liability under Chapter 21E (the "4A Letter").

34. On or about September 30, 2013, Sun Chemical forwarded the 4A Letter to Steven R. Lowson, the Vice President, General Counsel and Secretary of Sequa, "for [his] handling." Sun Chemical did not directly respond to Norfolk.

35. To date, Sun Chemical and Norfolk have not conferred in an effort to resolve all disputes that may exist between them with respect to participation in or funding of the response action or other actual or potential liability in question.

36. At Sequa's request, Norfolk has provided Sequa with voluminous supplemental information regarding the basis of Sequa's alleged liability and the response action.

37. To date, Sequa and Norfolk have not conferred in an effort to resolve all disputes that may exist between them with respect to participation in or funding of the response action or other actual or potential liability in question.

38. By agreement of Sequa and Norfolk, the statute of limitations with respect to Norfolk's claims pursuant to Chapter 21E is tolled through June 30, 2015.

## Count I
### (Cost Recovery Pursuant to Mass. Gen. L. ch. 21E, §§ 4 and 4A)

39. The allegations of paragraphs 1 through 38 are incorporated herein by reference.

40. A "release" of "oil" and "hazardous material" has occurred at or from the Property, as those terms are defined in Mass. Gen. L. ch. 21E, § 2.

41. The Property is a "site" as that term is defined in Mass. Gen. L. ch. 21E, § 2.

42. Norfolk is a "person" as that term is defined in Mass. Gen. L. ch. 21E, § 2.

43. Mass. Gen. L. ch. 21E, § 4 provides in pertinent part that "any person who undertakes a necessary and appropriate response action regarding the release or threat of release of oil or hazardous material shall be entitled to reimbursement from any other person liable for such release or threat of release for the reasonable costs of such response action."

44. Mass. Gen. L. ch. 21E, § 4A(d) provides in pertinent part that "in any civil action in which a claim…is filed pursuant to section 4 or this section, the court shall award…reimbursement…for which one or more other parties is found responsible, if any."

45. Norfolk is a liable party under Mass. Gen. L. ch. 21E, § 5 (if at all) pursuant to clause (1) of paragraph (a) thereof and did not own or operate the site at the time of the release of oil and hazardous materials and did not cause or contribute to such release.

46. Norfolk is a person who has undertaken necessary and appropriate response actions regarding the release of oil and hazardous materials pursuant to Mass. Gen. L. ch. 21E, § 4. Norfolk will be obligated to undertake additional response actions regarding the release of oil and hazardous materials.

47. Sun Chemical is a person liable for the release of oil and hazardous materials at or from the Property pursuant to Mass. Gen. L. ch. 21E, § 4.

48. Sun Chemical is a person who at the time of storage or disposal of hazardous materials owned and operated a Property at and upon which such hazardous materials were stored and disposed of and from which there has been a release of hazardous materials within the meaning of Mass. Gen. L. ch. 21E, § 5(a)(2).

49. Sun Chemical is a person liable for the release of oil and hazardous materials at or from the Property pursuant to Mass. Gen. L. ch. 21E, § 5(a)(2).

50. Sun Chemical is a person who caused and is legally responsible for releases of oil and hazardous materials from a site within the meaning of Mass. Gen. L. ch. 21E, § 5(a)(5).

51. Sun Chemical is a person liable for the release of oil and hazardous materials at the Property pursuant to Mass. Gen. L. ch. 21E, § 5(a)(5).

52. Norfolk is entitled to reimbursement from Sun Chemical for all reasonable costs it has incurred and will incur in the future to respond to the release of oil and hazardous materials at or from the Property.

53. Sequa is a person liable for the release of oil and hazardous materials at or from the Property pursuant to Mass. Gen. L. ch. 21E, § 4.

54. Sequa is a person who at the time of storage or disposal of hazardous materials owned and operated a Property at and upon which such hazardous materials were stored and disposed of and from which there has been a release of hazardous materials within the meaning of Mass. Gen. L. ch. 21E, § 5(a)(2).

55. Sequa is a person liable for the release of oil and hazardous materials at or from the Property pursuant to Mass. Gen. L. ch. 21E, § 5(a)(2).

56. Sequa is a person who caused and is legally responsible for releases of oil and hazardous materials from a site within the meaning of Mass. Gen. L. ch. 21E, § 5(a)(5).

57. Sequa is a person liable for the release of oil and hazardous materials at the Property pursuant to Mass. Gen. L. ch. 21E, §5(a)(5).

58. Norfolk is entitled to reimbursement from Sequa for all reasonable costs it has incurred and will incur in the future to respond to the release of oil and hazardous materials at or from the Property.

59. Pursuant to G.L. c. 21E, § 4, Sequa and Sun Chemical are strictly, jointly and severally liable to Norfolk for response costs incurred and to be incurred by Norfolk in responding to the contamination on the Property.

### Count II
### (Property Damage Pursuant to Mass. Gen. L. ch. 21E, § 5)

60. The allegations of paragraphs 1 through 59 are incorporated herein by reference.

61. A "release" of "oil" and "hazardous material" has occurred at or from the Property, as those terms are defined in Mass. Gen. L. ch. 21E, § 2.

62. The Property is a "site" as that term is define in Mass. Gen. L. ch. 21E, § 2.

63. Mass. Gen. L. ch. 21E, § 5(a) provides in pertinent part that any person liable under Section 5(a)(1)-(5) "shall be liable, without regard to fault,…(iii) to any person for damages to his real or personal property incurred or suffered as a result of such release or threat of release…."

64. Sun Chemical is a person who at the time of storage or disposal of hazardous materials owned and operated a site at and upon which such hazardous materials were stored and disposed of and from which there has been a release of hazardous materials within the meaning of Mass. Gen. L. ch. 21E, § 5(a)(2).

65. Sun Chemical is a person who caused and is legally responsible for releases of oil and hazardous materials from a site within the meaning of Mass. Gen. L. ch. 21E, § 5(a)(5).

66. Sequa is a person who at the time of storage or disposal of hazardous materials owned and operated a site at and upon which such hazardous materials were stored and disposed of and from which there has been a release of hazardous materials within the meaning of Mass. Gen. L. ch. 21E, § 5(a)(2).

67. Sequa is a person who caused and is legally responsible for releases of oil and hazardous materials from a site within the meaning of Mass. Gen. L. ch. 21E, § 5(a)(5).

68. Norfolk did not own the Property at the time of the release of oil or hazardous materials.

69. Norfolk is a person who has suffered and incurred damage to its real and personal property as a result of release of oil and hazardous materials for which Sun Chemical is liable pursuant to Mass. Gen. L. ch. 21E, § 5(a).

70. Sun Chemical is strictly liable to Norfolk, without regard to fault, for all damages to real and personal property incurred and suffered by Norfolk as a result of the releases of oil and hazardous materials from the Property.

71. Norfolk is a person who has suffered and incurred damage to its real property as a result of release of oil and hazardous materials for which Sequa is liable pursuant to Mass. Gen. L. ch. 21E, § 5(a).

72. Sequa is strictly liable to Norfolk, without regard to fault, for all damages to real and personal property incurred and suffered by Norfolk as a result of the releases of oil and hazardous materials from the Property.

73. Pursuant to G.L. c. 21E, § 5(a), Sequa and Sun Chemical are strictly, jointly and severally liable to Norfolk for the damage to Norfolk's real and personal property.

### Count III
### (Attorneys' Fees Pursuant to Mass. Gen. L. ch. 21E, § 4A)

74. The allegations of paragraphs 1 through 73 are incorporated herein by reference.

75. Mass. Gen. L. ch. 21E, § 4A(d) provides in relevant part that "in addition to [an award for reimbursement] the Court shall award plaintiff its litigation costs and reasonable attorneys' fees if the plaintiff shows that the person against whom the civil action is brought is liable and (1) failed without reasonable basis to make a timely response to notification pursuant to this section or (2) did not participate in negotiations or dispute resolution in good faith...."

76. On or about September 24, 2013, Norfolk sent a demand letter to Sun Chemical in accordance with the requirements set forth in Mass. Gen. L. ch, 21E, § 4A(a).

77. Pursuant to Mass. Gen. L. ch. 21E, § 4A(a), Sun Chemical was required to respond in writing to Norfolk's 4A Letter within forty-five (45) days of receipt thereof. Sun Chemical never provided a response to Norfolk, but rather forwarded the 4A Letter to Sequa.

78. Sun Chemical has failed to participate in good faith negotiations with Norfolk concerning reimbursement of Norfolk's past and future response costs.

79. Sequa has failed to participate in good faith negotiations with Norfolk concerning reimbursement of Norfolk's past and future response costs.

### Count IV
### (Attorneys' Fees Pursuant to Mass. Gen. L. ch. 21E, § 15)

80. The allegations of paragraphs 1 through 79 are incorporated herein by reference.

81. Norfolk, in bringing this action to enforce the requirements of Chapter 21E and abate the hazard related to the release of oil and/or hazardous materials at the Property, is advancing the purposes of Chapter 21E.

82. Pursuant to G.L. c. 21E, § 15, Norfolk is entitled to recover its costs, including reasonable attorney and expert witness fees.

### Prayer for Relief:

WHEREFORE, Norfolk respectfully requests that the Court grant the following relief:

(1) Enter judgment that Sun Chemical and Sequa are jointly and severally liable to Norfolk for reimbursement of the full amount of all costs incurred to date by Norfolk to respond to the release of oil and hazardous materials at or from the Property, including interest thereon;

(2) Issue a declaration that Sun Chemical and Sequa are jointly and severally liable to Norfolk for future costs that will be incurred by Norfolk to respond to the release of oil and hazardous materials at or from the Property;

(3) Enter judgment holding Sun Chemical and Sequa jointly and severally liable for the full amount of Norfolk's damages, including interest thereon;

(4) Award Norfolk its litigation costs and reasonable attorneys' fees pursuant to Mass. Gen. L. ch. 21E, § 4A;

(5) Award Norfolk its reasonable attorneys' and expert fees pursuant to Mass. Gen. L. ch. 21E, § 15; and

(6) Grant such other and further relief as it finds just and appropriate.

**PLAINTIFF DEMANDS A JURY ON ALL CLAIMS SO TRIABLE**

Respectfully submitted,

NORFOLK ASPHALT COMPANY, INC.

By its attorneys,

*/s/ Brian M. Hurley*
Brian M. Hurley (BBO# 245240)
bhurley@rackemann.com
Johanna W. Schneider (BBO# 643744)
jschneider@rackemann.com
Rackemann, Sawyer & Brewster, P.C.
160 Federal Street
Boston, Massachusetts 02110
(617) 542-2300

Dated: June 30, 2015

| CIVIL ACTION COVER SHEET | TRIAL COURT OF MASSACHUSETTS SUPERIOR COURT DEPARTMENT COUNTY OF NORFOLK | DOCKET NO. 15 00836 |
|---|---|---|
| **PLAINTIFF(S)** Norfolk Asphalt Company, Inc. | **DEFENDANT(S)** Sequa Corporation and Sun Chemical Corporation | |

| | | | |
|---|---|---|---|
| Plaintiff Atty | Johanna W. Schneider | Type Defendant's Attorney Name | |
| | | Defendant Atty | |
| Address | Rackemann, Sawyer & Brewster, P.C., 160 Federal Street | Address | |
| City | Boston   State MA   Zip Code 02110 | City   State   Zip Code | |
| Tel. | +1 (617) 523-2300   BBO# 643 744 | | |

**TYPE OF ACTION AND TRACK DESIGNATION** (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B21 | Environmental - Fast Track Recovery of response costs and property damage. | | [ ] Yes  [ ] No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses                $
  2. Total doctor expenses                  $
  3. Total chiropractic expenses            $
  4. Total physical therapy expenses        $
  5. Total other expenses (describe)        $
                                  Subtotal  $
B. Documented lost wages and compensation to date   $
C. Documented property damages to date              $
D. Reasonably anticipated future medical expenses   $
E. Reasonably anticipated lost wages and compensation to date   $
F. Other documented items of damages (describe)     $

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
  Plaintiff has incurred and will incur response costs and property damage resulting from a release of oil and hazardous materials at its property.

Total $ 2,000,000

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

N/A

TOTAL $..............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____   Date: June 30, 2015

A.O.S.C. 3-2007

## CIVIL ACTION COVER SHEET INSTRUCTIONS
### SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

| * CONTRACTS | | * REAL PROPERTY | | MISCELLANEOUS | |
|---|---|---|---|---|---|
| A01 Services, Labor and Materials F) | | C01 Land Taking (eminent domain) | (F) | E02 Appeal from Administrative Agency G.L. c. 30A | (X) |
| A02 Goods Sold and Delivered | (F) | C02 Zoning Appeal, G.L. c.40A | (F) | E03 Claims against Commonwealth or Municipality | (A) |
| A03 Commercial Paper | (F) | C03 Dispute concerning title | (F) | E05 Confirmation of Arbitration Awards | (X) |
| A08 Sale or Lease of Real Estate | (F) | C04 Foreclosure of mortgage | (X) | E07 G.L. c.112, s.12S (Mary Moe) | (X) |
| A12 Construction Dispute | (A) | C05 Condominium Lien & Charges | (X) | E08 Appointment of Receiver | (X) |
| A99 Other (Specify) | (F) | C99 Other (Specify) | (F) | E09 General Contractor bond, G.L. c. 149, ss. 29, 29a | (A) |
| E03 Claims against Commonwealth or Municipality | (A) | E03 Claims against Commonwealth or Municipality | (A) | E11 Workers Compensation | (X) |
| | | **EQUITABLE REMEDIES** | | E12 G.L.c.123A, s.12 (SDP Commitment) | (X) |
| *TORT | | D01 Specific Performance of Contract | (A) | E14 G.L. c. 123A, s. 9 (SDP Petition) | |
| B03 Motor Vehicle Negligence personal injury/property damage | (F) | D02 Reach and Apply | (F) | E15 Abuse Petition, G. L. c. 209A | (X) |
| B04 Other Negligence- personal injury/property damage | (F) | D06 Contribution or Indemnification | (F) | E16 Auto Surcharge Appeal | (X) |
| | | D07 Imposition of a Trust | (A) | E17 Civil Rights Act, G.L. c.12, s. 11H | (A) |
| B05 Products Liability | (A) | D08 Minority Stockholder's Suit | (A) | E18 Foreign Discovery Proceeding | (X) |
| B06 Malpractice-Medical | (A) | D10 Accounting | (A) | E19 Sex Offender Registry G.L. c. 178M, s. 6 | (X) |
| B07 Malpractice-Other (Specify) | (A) | D12 Dissolution of Partnership | (F) | E21 Protection from Harassment c 258E | (X) |
| B08 Wrongful Death, G.L. c.229, s.2A | (A) | D13 Declaratory Judgment G.L. c. 231A | (A) | E25 Plural Registry (Asbestos cases) | |
| B15 Defamation (Libel-Slander) | (A) | D99 Other (Specify) | (F) | E94 Forfeiture G.L. c.265 s.56 | (X) |
| B19 Asbestos | (A) | | | E95 **Forfeiture G.L. c. 94C, s. 47 | (F) |
| B20 Personal Injury- slip & fall | (F) | | | E96 Prisoner Cases | (F) |
| B21 Environmental | (F) | | | E97 Prisoner Habeas Corpus | (X) |
| B22 Employment Discrimination | (F) | | | E99 Other (Specify) | (X) |
| B99 Other (Specify) | (F) | | | | |
| E03 Claims against Commonwealth | (A) | | | | |

*Claims against the Commonwealth or a municipality are type E03, Average Track, cases.
**Claims filed by the Commonwealth pursuant to G L c 94C, s 47 Forfeiture cases are type E95, Fast track.

TRANSFER YOUR SELECTION TO THE FACE SHEET.

EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | (F) | [X] Yes    [ ] |

### SUPERIOR COURT RULE 29

DUTY OF THE PLAINTIFF. The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).

DUTY OF THE DEFENDANT. Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.

FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
MAY RESULT IN DISMISSAL OF THIS ACTION.